UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULINA ECHAVARRI, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:20-cv-7077 |
| FURIOUS SPOON LLC, | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, PAULINA ECHAVARRI (hereinafter "Plaintiff" or "Echavarri"), and files her Complaint against Defendant Furious Spoon LLC (hereinafter "Defendant" or "FS"), and in support Plaintiff states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII") and the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* (hereinafter the "FMLA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her sex and pregnancy, as well as Defendant's retaliation against Plaintiff for requesting leave under the Family and Medical Leave Act, leading to her unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the district.

## THE PARTIES

4. Plaintiff, Echavarri, is a citizen of the United States, and was at all times material, a resident of the state of Illinois.

5. Defendant, FS, is a Domestic For-Profit Corporation with its headquarters in Chicago, Illinois.

6. Defendant is an employer as defined by the laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On October 30, 2019, Plaintiff dual-filed a claim with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on sex, pregnancy and retaliation.

9. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

10. On September 29, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue upon request.

11. This complaint was filed within ninety days of the EEOC's issuance of the Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

12. Plaintiff is Female.

13. For approximately three years and ten months Plaintiff worked for Defendant as an Area Manager.

14. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

15. Around October 2018, Plaintiff verbally informed Danny Williamson, Director of Operations, of her pregnancy. In response to this information, Mr. Williamson stated, "all the women that have been pregnant that have worked for me never came back." Mr. Williamson then questioned Plaintiff about how far along she was in her pregnancy.

16. Plaintiff inquired into the company's maternity leave policy and informed Mr. Williamson she planned to utilize FMLA when she gave birth. However, to discourage Plaintiff from availing herself of FMLA, Defendant failed to send Plaintiff the FMLA forms for months.

17. At all times relevant Plaintiff was a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

18. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more work weeks in the calendar year preceding the leave request.

19. Subsequently, Defendant began to strip Plaintiff of job duties. For example, prior to notifying Defendant of her pregnancy, Plaintiff managed bar inventory, curated the cocktail menu for all locations, and reviewed the cost of goods. However, once Mr. Williamson learned of Plaintiff's pregnancy, he began taking these responsibilities away from Plaintiff.

20. In December 2018, Defendant sent Plaintiff to work at Defendant's Wicker Park location because it was without a General Manager. Mr. Williamson claimed Plaintiff would only be acting as General Manager at the Wicker Park location for a few weeks, however weeks turned into months. Each time Plaintiff inquired about when she would be returning to her normal location and job duties, she was told she needed to remain at Wicker Park a bit longer.

21. Around March 2019, Plaintiff finally received FMLA forms from Defendant, which she completed and returned to Defendant.

22. Subsequently, Andy Rickman, Director of Operations, informed Plaintiff that her position as Area Manager would likely not be available when she returned from FMLA. Plaintiff raised concerns about a potential demotion, but Mr. Rickman refused to acknowledge Plaintiff's concerns.

23. On or about April 23, 2019, Plaintiff began her maternity leave as planned.

24. In late July 2019, while Plaintiff was still on maternity leave, Plaintiff contacted Mr. Rickman to plan her return to work in early August 2019.

25. Mr. Rickman informed Plaintiff when she returned, she would be demoted to General Manager of the Wicker Park location, the location she had been acting as General Manager for prior to maternity leave.

26. The demotion to General Manager came with a significant reduction in duties and compensation, approximately thirty to forty thousand dollars less per year than Plaintiff had been earning as Area Manager prior to her use of FMLA.

27. Plaintiff raised concerns that the responsibilities of a General Manager were not equivalent to the responsibilities she held as Area Manager. In response, Mr. Rickman informed Plaintiff she would be terminated if she did not accept the demotion.

28. Defendant then terminated Plaintiff's employment for refusing the retaliatory demotion.

29. Plaintiff has been damaged by Defendant's illegal conduct.

30. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
## Interference in Violation of the FMLA

31. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

32. At all times relevant Plaintiff was a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

33. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more work weeks in the calendar year preceding the leave request.

34. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

35. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

36. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

37. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

38. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

39. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count II:
## Retaliation in Violation of the FMLA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-30 above.

41. At all times relevant Plaintiff was a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

42. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more work weeks in the calendar year preceding the leave request.

43. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

44. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, her FMLA rights.

45. Defendant failed to restore Plaintiff to the same job or to an "equivalent job following her return from FMLA leave.

46. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

47. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

### Count III:
**Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by the* Pregnancy Discrimination Act of 1978**

48. Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-30 above.

49. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

50. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

51. Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

52. Defendant intentionally discriminated against Plaintiff based on her sex including pregnancy.

53. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and relief.

54. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count V:**
**Retaliation in Violation of Title VII**

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-30 above.

56. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

57. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

58. Defendant's conduct violated Title VII.

59. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which she is entitled to damages.

60. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

61. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

      a)      Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

      b)      Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

      c)      Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*